**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**DONALD R. NAYLOR,** *et al.*                                                                        **PLAINTIFFS**

**v.**                                                                                  **NO. 3:13-cv-944-CWR-FKB**

**SECURIGUARD, INC.,** *et al.*                                                                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, current and former security guard employees (collectively, "Plaintiffs") of defendant Securiguard, Inc. ("Securiguard"), bringing this action against Securiguard and several individual defendants, Patricia Marvil, John Oxedine, and Oscar Holt (collectively, "Defendants"), seek to recover alleged unpaid overtime wages and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). Plaintiffs filed their first complaint on October 9, 2011, and have twice amended their complaint to include all present parties. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, which states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

This case is now before the Court on the Defendants' motion for summary judgment, Docket No. 35. Plaintiffs have filed a response, to which the Defendants have submitted a rebuttal. After considering the parties' arguments and the applicable authorities, the motion for summary judgment will be granted.

**I.   Background**

Plaintiffs are employees of Securiguard, which provides professional armed and unarmed security guard service to select government and private industry sites within the United States.

Securiguard employed Plaintiffs at the Naval Air Station ("NAS") in Meridian, Mississippi, at different periods of time between 2008 until the present. Second Amended Compl., at 2. The following are the undisputed facts.

Plaintiffs' main duty was to guard the four gate entries at NAS during certain time periods: 1) Main Gate (seven days per week, 24 hours per day); 2) Flightline Gate (seven days per week, 24 hours per day); Truck Gate – Monday though Friday, 5:30a.m. to 3:30 p.m.); and the 4) Housing Gate (seven days per week, 6:00 a.m. to 10:00 p.m.). Docket No. 36-1, Exhibit 1, at 2.

As security guards, Plaintiffs were required to stand seven hours at their posts. *Id*. at 3. Securiguard provided Plaintiffs two unpaid 30 minute "meal periods" in which to have lunch; Plaintiffs had discretion to use these periods concurrently or separately throughout their workday. Second Amended Compl., at 3. During these meal periods, a Relief Officer[1] (RO) filled in Plaintiffs' duties while Plaintiffs, who were not allowed to eat their meals at their post or in their vehicle, were required to leave their post in a Securiguard security vehicle, Docket No. 36-1, Exhibit 1, at 3. Because they were confined to NAS's premises, there were only six locations where Plaintiffs could eat: 1) the Old Security Building; 2) the New Security Building; 3) the Fire Station; 4) Mom's Diner; 5) the Bowling Alley; and 6) the Storage Unit. *See* Plaintiffs' Response to Defendants' Motion for Summary Judgment, Docket No. 43, at 5.  When they took their meal period, Plaintiffs were required to wear their weapons, uniforms, bullet proof vests, and gun belt. *Id*.

---

[1] According to Defendants, Plaintiffs meal breaks started "from the second they stepped off the post to the second they returned to the post." *Id*.

Plaintiffs argue that Defendants' failure to pay them for their meal periods[2] amounts to a violation of the FLSA. Plaintiffs request relief in the form of backpay for unpaid wages and overtime, liquidated damages, legal fees and all other costs and expenses. *Id*. at 4.

## II. Summary Judgment Standard

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). When confronted with these motions, the Court focuses on "genuine" disputes of "material" facts. A dispute is genuine "if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inferences in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of that party." *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record." Fed.R.Civ.P. 56(c)(1)(A). The Court "views the evidence and draw reasonable inferences in the light most favorable to the non-movant." *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011).

## III. Discussion

---

[2] Plaintiffs also originally alleged that Defendants owed them back wages for pre-shift and post-shift work. *Id*. at 3. According to Defendants, Plaintiffs have acknowledged that they were actually compensated for this work and therefore these claims have been dropped. *See* Mem. in Support of Defendants' Mot. for Summary Judgment., Docket No. 36, at 1-2. Because Plaintiffs have not denied Defendants' assertion, the claim for back wages in pre-shift and post-shift work is dismissed. *See Covington v. Kemp*, 4:10-cv-213-CWR-FKB, 2012 WL 2415188, at *7 (S.D. Miss. June 26, 2012) (in the face of dispositive motion where plaintiff failed to respond to arguments by defendant, court determined that plaintiff abandoned those claims).

In their second amended complaint, Plaintiffs alleged that Defendants violated the FLSA because Plaintiffs were not compensated for their 30 minute lunch breaks despite the fact that they were required to stay in their uniforms, wear their weapons, and remain on the employer's premises.[3] Plaintiffs have since narrowed their focus and assert that they are entitled to compensation primarily because Securiguard imposed a driving duty on them during their meal time. Plaintiffs' sole contention, therefore, is that the requirement that they drive away from their posts for meal time cuts into their 30 minute break (depending at which gate they were working, Plaintiffs' argue, a round trip from a particular gate to a specific lunch destination could take anywhere between 2 to 23 minutes). *See* Plaintiffs' Response to Defendants' Motion for Summary Judgment, Docket No. 43, at 5. Plaintiffs argue that by forcing them to drive away from their work stations, instead of allowing them, for example, to take a meal break at their work stations, Securiguard deprived them of their full 30 minutes to eat.[4] *Id*.

The FLSA requires that overtime wages be paid for all hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). The act "does not require that an employer provide meal or rest periods." *Nelson v. Waste Management of Alameda County, Inc.*, No. C99-120SI, 2000 WL 868523, at *3 (N.D. Cal. June 19, 2000). "Bona fide meal periods are not worktime." 29 C.F.R. § 785.19. "For the period to be classified as meal time, an employee 'must be completely

---

[3] Defendant pointed out that Plaintiffs, in their response brief, concede that courts have ruled that these restrictions, without more, do not violate federal labor laws. *See* Defendants' Rebuttal to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment, Docket No. 44, at 2 (citing Plaintiffs' Response to Defendants' Motion for Summary Judgment, Docket No. 43, at 3). *See also Alexander v. City of Chicago*, 994 F.2d 333, 336-39 (7th Cir. 1993*); Lamon v. City of Shawnee*, 972 F.2d 1145, 1156 (10th Cir. 1992); *Avery v. City of Talladega*, 24 F.3d 1337, 1347 (11th Cir. 1994).

[4] Plaintiffs also stated that if they wanted to bring their own meal, they had to leave it in the Security Building. *Id*. at 6. Once their break began, they were forced to drive from their post to the Security Building and eat in the break room. *Id*.

relieved from duty for purposes of eating regular meals.'" *Hartsell v. Dr. Pepper Bottling Co. of Texas*, 207 F.3d 269, 274 (5th Cir. 2000).

The Fifth Circuit Court of Appeals has applied the "predominant benefit" test in determining whether a meal break is compensable. *Id*. According to the Fifth Circuit,

> The critical question is whether the meal period is used predominantly or primarily for the benefit of the employer or for the benefit of the employee. The employer bears the burden to show that meal time qualifies for this exception from compensation. Whether meal time is predominantly for the benefit of the employer is a question of fact that is ordinarily resolved by the trier of fact after hearing all of the evidence.

*Bernard v. IBP, Inc. of Nebraska*, 154 F.3d 259, 264-65 (5th Cir. 1998). Courts have considered several factors when applying this test: the limitations and restrictions placed upon the employees; the extent to which those restrictions benefit the employer; the duties for which the employee is held responsible during the meal period; and the frequency in which meal periods are interrupted. *Bernard*, 154 F.3d at 266 (citing *Roy v. Cnty. of Lexington, S. Carolina*, 141 F.3d 533, 545-46 (4th Cir. 1998); (*Reich v. S. New England Telecommunications Corp.*, 121 F.3d 58, 65 (2d Cir. 1997); *Lamon v. City of Shawnee, Kan.*, 972 F.2d 1145, 1157-58 (10th Cir. 1992)). "[I]t is the frequency and extent of mealtime interruptions, rather than their mere possibility, that will influence the ultimate determination of overtime entitlement." 3 Emp.Coord.Compensation § 23.11 (2014) (citing *Albee v. Village of Bartlett, Ill.*, 861 F.Suppp. 680, 685-87 (N.D. Ill. 1994)).

The Fifth Circuit has found meal periods to be compensable when employers have imposed substantial duties or restrictions on the employee. *Bernard*, 154 F.3d 259; *see also Hartsell*, 207 F.3d 269 (where Court upheld district court's finding that the meal time was spent predominantly for employer because employees' testimony stated they rarely took their breaks because of work demands). In *Bernard v. IBP Inc.*, maintenance workers at a meat packing plant

5

sought compensation for their meal breaks. The Fifth Circuit affirmed a jury verdict in favor of the aggrieved employees, concluding that the meals breaks were predominantly for the employer's benefit because: (1) the workers were prohibited from leaving the work site; (2) they were required to wear their radios and tolls during lunch; and, most notably, (3) the workers' breaks were frequently interrupted by work duties. *Id.*, 154 F.3d at 259.

Here, Plaintiffs argue that the one requirement that they drive the security vehicles away from their gate "cut[s] significantly into [their] meal break." Plaintiffs contend that Securiguard imposed this driving duty for their benefit in order to avoid any perception to the public that guards are not working. Docket No. 43, at 7. However, in applying the predominant benefit test to the facts of this case, the Court is not convinced that Securiguard's driving requirement inured primarily to its benefit. The idea that a company's policy of requiring employees to use company vehicles on lunch breaks can hardly be construed as a work duty.[5] Securiguard's requirement that Plaintiffs drive away from the work station is too insubstantial to be compensable. *See Roy*, 141 F.3d at 545-46 (finding meal periods not compensable when employees could only be interrupted in emergencies and were in fact interrupted 27% of the time). Plaintiffs only duty as Securiguard employees was to guard the gates, a duty that they were entirely relieved from by "relief" officers. In fact, these relief officers made it possible for Plaintiffs to use their meal time for their own purposes without any interruption. Plaintiffs have presented no evidence that they were routinely called away from their meal period for the benefit of the employer.

Plaintiffs claim that they would have had more time during their breaks if they were allowed to eat at their posts, and that round trip travel time for some locations nearly consumed the duration of their breaks. To support this point, Plaintiffs provided a chart illustrating that it

---

[5] Plaintiffs argue that driving during their meal time shortened their breaks while ignoring the fact that driving provides them transportation to an appropriate lunch destination more efficiently.

6

takes 23 minutes round trip to drive from the Housing Gate to Mom's Diner. *See* Docket No. 43, at 5. Assuming this is true, the fact that it may take longer for some guards to travel from one specific gate to a specific lunch location, does not negate the fact that there are nearby alternative locations available, which may be shorter. For example, Plaintiffs' "round trip driving times" chart shows that it takes 10.5 minutes round trip to get from the Housing Gate to the New Security Building. *Id*. Moreover, Plaintiffs fail to acknowledge that, at their discretion, they may combine their two 30-minute breaks, thereby providing a full one-hour meal period. They make no complaint whatsoever that an hour does not provide them with enough time for the meal period. In any case, under the predominant benefit test, Plaintiffs' meal period is not considered compensable just because they did not have every single second available to them. The test hinges on whether meal time is *predominantly* for the benefit of Securiguard or for the benefit of Plaintiffs. Based on the evidence before the Court, there is no genuine dispute that the meal period is for the benefit of the employees.

Securiguard's driving requirement does not place a significant restriction on Plaintiffs' meal time. Nor does it primarily benefit Securiguard. Plaintiffs were completely relieved of their duties, their break period was not interrupted by work demands, and they were allowed sufficient time to eat. For these reasons, summary judgment for Defendants shall be GRANTED.

**SO ORDERED**, this the 12th day of May, 2014.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
